JOURNAL ENTRY AND OPINION
Appellant J.M.[1] appeals from the adjudication of the Cuyahoga County Common Pleas Court, Juvenile Division, that he is a delinquent child for having committed an offense which, if committed by an adult, would constitute the crime of forcible rape upon a seven-month old baby.
Appellant argues that the juvenile court's adjudication is based upon insufficient evidence. This court disagrees; consequently, the juvenile court's decision is affirmed.
According to the testimony presented to the juvenile court, appellant's adjudication results from an incident that occurred on the evening of June 25, 2005 at the home of C.O. and J.C., the parents of a seven-month-old boy. C.O. described her baby as one who was "always happy."[2]
C.O. testified that she bathed the baby between 6:00 and 6:30 p.m., gave him a bottle, placed him on the couch, and waited until he fell asleep. C.O. then went outdoors to the driveway where she helped J.C. and his friend, Joseph, work on the couple's vehicle for a short while. She then went to the store, knowing that J.C. and Joseph would look after the baby.
After C.O. left for the store, appellant arrived at the home. Appellant, who was fifteen years old at the time of the incident, lived in one of the houses across the street, and he seemed interested in the men's progress on the car. He remained present while J.C. and Joseph took turns checking on the baby.
Eventually, appellant went inside the home. When he returned with the baby in his arms, he explained to the men that the baby woke. He sat down on the front porch, placing the baby in his lap. Appellant was still there upon C.O.'s return from the store at approximately 7:45 p.m. Since the baby seemed "content," C.O. returned to where the men were working.
Shortly thereafter, Joseph noticed that appellant was no longer sitting on the porch. He went indoors and called out for him, but received no answer. Joseph approached C.O. to inquire in a "teasing" manner, "where's her baby." The two of them, followed shortly thereafter by J.C., went back inside the house to locate him.
When C.O. and Joseph entered the house, they observed the baby, who was crying, on the dining room floor with appellant "leaned over" him. Appellant appeared to be "sweating" and "fidgety," and he was attempting to fasten the baby's disposable diaper. When he saw the two adults, he told them the baby "had a bowel movement," thereby intimating he was in the process of changing the diaper; however, later, the adults could not find a soiled diaper.
Appellant accepted a towel from J.C. before he "shot out" of the home. When the adults sought him again to ask if something had happened, "he was all defensive." C.O.'s attempts to calm the baby led her to check his diaper. She saw that it contained "blood and a little stool." Checking the baby's body more closely led to the discovery that his "butt was literally split * * * vertical[ly]."
The parents thereupon took the baby to the hospital. The emergency room physician observed that the baby had sustained injuries that included an anal "tear" measuring two centimeters in length and bruises of the anal area. The baby subsequently underwent two surgical procedures for repair of the anal tissues.
Based upon this incident, appellant was charged with delinquency for violation of R.C. 2907.02(A)(1)(b), i.e., for having committed an offense which, if committed by an adult, would constitute forcible rape of a child under the age of thirteen years.
The record reflects that the juvenile court conducted a probable cause hearing, then a jurisdictional hearing before setting the matter for adjudication. After receiving evidence, the court adjudged appellant delinquent. Appellant was subsequently committed to the legal custody of the Ohio Department of Youth Services.
Appellant challenges the juvenile court's adjudication with one assignment of error, which states:
"The evidence was insufficient to support a conviction for rape."
Appellant argues that since the testimony failed to establish exactly when the baby's injuries occurred and either whom or what caused those injuries, the juvenile court could not have determined that he committed the crime of rape. This court disagrees.
In addressing an argument regarding the sufficiency of the evidence, the appellate court must review the record to determine whether "any rational trier of fact could have found the essential elements of the crime [were] proven beyond a reasonable doubt." In re: D.L., Cuyahoga App. No. 84643, 2005-Ohio-2320, ¶35, citing State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235 and State v. Jenks (1991), 61 Ohio St.3d 259. The evidence must be viewed in a light most favorable to the prosecution. State v. Martin (1983), 20 Ohio App.3d 172. Circumstantial evidence alone may be used to support a conviction. State v. Jenks, supra, at 272.
In this case, the evidence proved appellant was alone in the home with the seven-month-old baby, who was no relation of his, for a period of time. Prior to that time, the baby displayed no injury and seemed content. When the baby was found inside the home with appellant, the baby was crying. Appellant, who was both sweating and agitated at that time, was adjusting the baby's diaper.
The baby obviously was crying because he had sustained a "fresh" injury to his anus, which could only have occurred by the penetration into it of a foreign object. Appellant was the only one who had access to the baby's anatomy during that time period. Appellant's demeanor indicated that he had undergone some unusual exertion, and his explanation for replacing the baby's diaper lacked any physical substantiation.
Based on this evidence, any rational trier of fact could have found all the elements of the crime of forcible rape of a child under the age of thirteen were proved beyond a reasonable doubt.In re: A.T., Cuyahoga App. No. 79468, 2002-Ohio-1555, In re:D.L., supra. Accordingly, appellant's assignment of error is overruled, and the juvenile court's adjudication and disposition are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J. and Milligan, J.,* concur.
[1] Pursuant to this court's policy of protecting the privacy of the parties in juvenile proceedings, they are referred to only by their initials.
[2] Quotes indicate testimony given by a witness at the adjudicatory hearing.
* SITTING BY ASSIGNMENT: JOHN R. MILLIGAN, RETIRED OF THE FIFTH DISTRICT COURT OF APPEALS.